## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS FAGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-2318 |
| | ) | |
| CHEX SYSTEMS, INC. and CITADEL | ) | |
| CREDIT UNION, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, THOMAS FAGAN ("Plaintiff"), through his attorney, The Law Firm of Michael Alan Siddons, Esquire, alleges the following against Defendants, CHEX SYSTEMS, INC. ("Chex Systems") and CITADEL CREDIT UNION ("Citadel") ("Defendants" collectively):

## INTRODUCTION

1. Plaintiff's Complaint is an action for actual and statutory damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. and Regulation V, 12 C.F.R. part 1022.

## JURISDICTION AND VENUE

2. This court has jurisdiction under the FCRA 15 U.S.C. § 1681, *et seq*., and pursuant to 28 U.S.C. §§ 1331 and 1337.

3. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

4. Plaintiff is an individual who was at all relevant times residing in City of Lansdowne,

1

Delaware County, State of Pennsylvania.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by the FCRA.

6. Defendant Chex Systems is a credit reporting agency that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Pennsylvania, is a citizen of the state of Pennsylvania.

7. Defendant Citadel regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Pennsylvania, is a citizen of the state of Pennsylvania.

8. At all relevant times Defendant Chex Systems was a "consumer reporting agency" as that term is defined by the FCRA.

9. At all relevant times Defendants Citadel was a "furnisher" as that term is defined by the FCRA.

10. At all relevant times, Defendants each were a "person" as that term is defined by the FCRA.

## FACTUAL ALLEGATIONS

11. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

12. Defendant Chex Systems has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereinafter, the "inaccurate information").

13. The inaccurate information of which Plaintiff complains is an account, or trade-line, that reflects Plaintiff's history of credit, named: Citadel (the "Account").

14. On or about October 18, 2021, Plaintiff sent a letter to Defendant Chex Systems informing it of the inaccurate reporting of the Account.

15. Plaintiff's letter stated that there is an overdraft of the Account reported to Plaintiff's credit file.

16. Plaintiff's letter stated that the Account does not belong to Plaintiff.

17. Plaintiff requested that Defendant Chex Systems correct the inaccurate Account.

18. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's worthiness.

19. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

20. Upon information and belief, Defendant Chex Systems notified Defendant Citadel of Plaintiff's dispute and the nature of the dispute.

21. Upon information and belief, within eleven (11) days of Plaintiff disputing the inaccurate information with Defendant Chex Systems, Defendant Citadel received notification from Defendant Chex Systems of Plaintiff's dispute and the nature of the dispute.

22. Despite Plaintiff's efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above dispute as required by the FCRA, have failed to remove the inaccurate information and have continued to report the derogatory inaccurate information about Plaintiff.

23. At all times pertinent hereto, Defendants were acting by and through Defendants' agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants.

24. At all times pertinent hereto, the conduct of Defendants, as well as that of Defendants' agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

25. Plaintiff has been damaged, and continues to be damaged, in the following ways:

    a. Impeded Plaintiff's ability to obtain credit;

    b. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

    c. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

    d. Denial of credit, loans, financing and/or other damages, not within five (5) days of Plaintiff disputing the inaccurate information with yet known by Plaintiff; and

    e. Decreased credit score which may result in inability to obtain credit on future attempts.

## COUNT I
## DEFENDANT CHEX SYSTEMS VIOLATED THE FAIR CREDIT REPORTING ACT

26. Plaintiff repeats and re-alleges paragraphs one (1) through twenty-five (25) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

27. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Chex Systems is liable to Plaintiff for engaging in the following conduct:

    a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and

e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

28. The conduct of Chex Systems was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Chex Systems is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff, THOMAS FAGAN, respectfully requests judgment be entered against Defendant, CHEX SYSTEMS, INC., for the following:

a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

d. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

e.  Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT CITADEL VIOLATED THE FAIR CREDIT REPORTING ACT

29. Plaintiff repeats and re-alleges paragraphs one (1) through twenty-five (25) of Plaintiff's

Complaint as the allegations in Count II of Plaintiff's Complaint.

30. Defendant Citadel violated sections 1681n and 1681o of the FCRA by engaging in the

following conduct, which violates 15 U.S.C. §1681s-2(b):

a.  Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Defendant;

b.  Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

c.  Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

d.  Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2; and

e.  Willfully and negligently failing to establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the information relating to consumers that it furnishes to a consumer reporting agency pursuant to Regulation V.12 C.F.R. § 1022.42(a).

31. The conduct of Citadel was a direct and proximate cause, as well as a substantial factor, in

causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and

as a result, Citadel is liable to compensate Plaintiff for the full amount of statutory, actual

and punitive damages, along with attorneys' fees and costs, as well as such other relief

permitted by law.

WHEREFORE, Plaintiff, THOMAS FAGAN, respectfully requests judgment be entered

against Defendant, CITADEL CREDIT UNION, for the following:

a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

d. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

e. Any other relief that this Honorable Court deems appropriate.


DATED:  June 13, 2022                RESPECTFULLY SUBMITTED,


By: _/s/ Michael A. Siddons _____
          Michael A. Siddons
          Attorney #89018
          The Law Firm of Michael Alan Siddons, Esquire
          230 N. Monroe Street
          PO Box 403
          Media, PA 19063
          Tel: 610-255-7500
          msiddons@siddonslaw.com
          Attorney for Plaintiff